**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1536**

JOHN ERIK STONE; MILYNDA DESIRAE STONE,

Plaintiffs - Appellants,

v.

UNITED STATES OF AMERICA, through its agency; HUNTINGTON VETERANS AFFAIRS MEDICAL CENTER, of the Department of Veterans Affairs,

Defendants - Appellees.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, District Judge. (3:19-cv-00538)

Submitted: November 30, 2020            Decided: December 3, 2020

Before GREGORY, Chief Judge, and AGEE and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James D. McQueen, Jr., MCQUEEN DAVIS, Huntington, West Virginia, for Appellant. Michael B. Stuart, United States Attorney, Gregory P. Neil, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for the Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Erick Stone and Milynda Desirae Stone appeal the district court's order dismissing their claims pursuant to the discretionary function exception to the Federal Torts Claims Act, 28 U.S.C. §§ 1346(b), 2671-80. On appeal, they contend that the officers overrepresented the value of a meat slicer to secure a felony arrest warrant, misrepresented the statements that John Stone gave to law enforcement, and procured his statements in contravention of the Fifth Amendment. However, they concede that they did not raise these arguments in the district court.

"When a party in a civil case fails to raise an argument in the lower court and instead raises it for the first time before us, we may reverse only if the newly raised argument establishes fundamental error or a denial of fundamental justice." *In re Under Seal*, 749 F.3d 276, 285 (4th Cir. 2014) (internal quotation marks omitted). The Stones have not argued that they have met this standard. *See id.* at 292 (holding that failure to argue on appeal for fundamental or plain error "marks the end of the road for [an] argument for reversal not first presented to the district court" (internal quotation marks omitted)). And, while the Stones argue waiver does not apply in a jurisdictional case, we have applied this rule when an appellant raised a new argument seeking reversal of a district court's order dismissing his complaint for lack of subject matter jurisdiction. *See Pornomo v. United States*, 814 F.3d 681, 686 (4th Cir. 2016).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*